# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BHAGWATI CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-5478 |
| ) | |
| THE CITY OF WAUKEGAN ) | Judge Ruben Castillo |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Bhagwati Corporation, an Illinois corporation with its principal place of business in Lake County, Illinois, owned and operated a Thriftlodge Hotel in the City of Waukegan. Bhagwati sued the City alleging that it revoked Bhagwati's business license pursuant to a repealed ordinance and thereby deprived Bhagwati of its constitutional rights to due process and equal protection in violation of 42 U.S.C. § 1983. The City now seeks to dismiss Bhagwati's complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim. (R. 8-1, Def.'s Mot. to Dismiss.) For the reasons provided below, we grant the City of Waukegan's motion to dismiss for lack of subject-matter jurisdiction.

## RELEVANT FACTS[1]

Bhagwati owned and operated a Thriftlodge Hotel in the City of Waukegan. (R. 1, Compl. ¶ 6.) In May 2002, the City found Bhagwati in violation of a local ordinance because he was delinquent in paying hotel-motel taxes and because he was not in compliance with the City's

---

[1] These are the facts alleged in the complaint, which for purposes of this motion to dismiss we accept as true. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

life-safety code. (*Id.* ¶ 8.) On June 25, 2002, the City held an administrative hearing and suspended Bhagwati's business license. (*Id.* ¶¶ 11-13). On July 29, 2002, the City held an evidentiary hearing to determine whether Bhagwati's business license should be revoked, (*id.* ¶¶ 16-19), and on August 6, 2002, the City revoked Bhagwati's business license, (*id.* ¶ 20).

Bhagwati immediately sought administrative review of the suspension and revocation of his business license in the Illinois Circuit Court for the Nineteenth Judicial District. (*Id.* ¶ 21.) When responding to Bhagwati's complaint, the City disclosed for the first time that it had unknowingly suspended and revoked Bhagwati's license under a repealed ordinance.[2] (*Id.* ¶ 26.) Bhagwati promptly asserted that the City, by acting under a repealed ordinance, had "operated without legal authority" and "violate[d] [its] fundamental right to due process." (*Id.* ¶ 27.) On November 29, 2002, the Illinois Circuit Court reinstated Bhagwati's business license because the City had suspended and revoked it under a repealed ordinance. (*Id.* ¶ 30; *see also* R. 18, Pl.'s Am. Reply to Mot. to Compel, Ex. 1, Nov. 26, 2002 Transcript.)

Nearly two years later, on August 19, 2004, Bhagwati filed this action alleging that the City violated its rights to due process and equal protection contrary to 42 U.S.C. § 1983. (*Id.* ¶ 1.) On August 24, 2004, Bhagwati served its complaint on the City of Waukegan's records department.[3] (R. 2, Return of Service at 3; R. 12, Pl.'s Resp. at 11.) On October 18, 2004, this

---

[2] Before finding that Bhagwati had violated the ordinance, the City had repealed it and enacted a new one that required different suspension and revocation procedures. (*Id.* ¶¶ 10, 26.)

[3] Bhagwati's return of service also indicates that it attempted to serve the City by first-class mail pursuant to Federal Rule of Civil Procedure 4(d), yet no waiver of service has been filed with this Court. (R. 2, Return of Service at 3.)

2

Court entered a default against the City because it failed to appear, answer, or otherwise plead.[4] (R. 3, Oct. 18, 2004 Minute Order.) The City, on November 1, 2004, appeared in court and filed a joint motion to vacate the default order, but did not object to this Court's jurisdiction. (R. 4, Att'y Appearance; R. 5, Joint Mot.) The City first objected to this Court's jurisdiction two weeks later when it filed its motion to dismiss Bhagwati's complaint. (R. 8-1, Def's Mot.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) permits a defendant to raise seven different defenses in a motion to dismiss. The City's motion to dismiss includes three of these seven defenses: lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim. (R. 8-1, Def.'s Mot.) This Court will only dismiss a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999). This Court will accept all well-pled allegations as true and will draw all reasonable inferences in favor of the plaintiff. *Transit Express*, 246 F.3d at 1023. With respect to the City's motion to dismiss for lack of subject-matter jurisdiction, this Court may look beyond the complaint and consider any evidence submitted by the parties. *United Transp. Union v. Gateway W. Railway. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

---

[4] Bhagwati asserts that the City agreed to accept service if it could have two additional weeks to appear, answer, or otherwise plead. (R. 12, Pl.'s Resp. at 11.) The City disputes this allegation, (R. 14, Def.'s Reply at 5), but for the reasons set out below, we do not need to resolve this factual dispute.

## ANALYSIS

### I. Service of Process

Federal Rule of Civil Procedure 4(c)(1) requires Bhagwati to serve a summons and its complaint on the City in a timely manner. To properly serve the City, Bhagwati must personally serve either the mayor or city clerk. *See* Fed. R. Civ. P. 4(j); 735 Ill. Comp. Stat. 5/2-211. Bhagwati, however, served the City's record department, so it never properly served the City with a summons or his complaint. (R. 2, Return of Service at 3.) Nonetheless, this Court can assert personal jurisdiction over an improperly served defendant if the defendant waives service or makes an appearance—either by appearing in court or filing a motion—without reserving an objection to jurisdiction. *Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)); *In re State Exch. Fin. Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990). A party's appearance without objecting to jurisdiction constitutes a waiver of service because an appearance is an affirmative act establishing both knowledge of the complaint and an intention to appear. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). On November 1, 2004, the City appeared in court and filed a joint motion to vacate the default order without objecting to this Court's jurisdiction. (R. 4-1, Att'y Appearance; R. 5, Joint Mot.) The City's appearance and motion establish that it was aware of the complaint and intended to defend itself. *See Benny*, 799 F.2d at 492. Thus, the City's failure to file a timely objection constitutes a waiver of service.

### II. Subject-Matter Jurisdiction

Under the doctrine of *res judicata*, this Court does not have subject-matter jurisdiction over any claim that has already been litigated or that could have been litigated in a previous

4

lawsuit if: (1) a final judgment on the merits was entered in the previous lawsuit; (2) the two lawsuits involve the same cause of action; and (3) the two lawsuits involve the same parties or their privies.[5] *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533, n.1 (7th Cir. 2004); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004). This jurisdictional limit prohibits repetitive litigation and thereby enhances judicial economy and preserves the finality of judgments. *Hagee*, 729 F.2d at 514.

The parties do not dispute that the two lawsuits involve the same cause of action and the same parties, (R. 12, Pl.'s Resp. at 3-7; R. 14, Def.'s Reply at 1-3), so we only need to determine whether a final judgment on the merits was entered in the previous lawsuit. The first lawsuit was fully adjudicated and resulted in the reinstatement of Bhagwati's business license.[6] It was therefore a final judgment on the merits. *See Bagnola v. SmithKline Beecham Clinical Labs.*, 776 N.E.2d 730, 736 (Ill. App. Ct. 2002). Bhagwati, however, asserts that the final judgment entered in the previous lawsuit was not "on the merits" because the Illinois Circuit Court did not address its claim that the City violated its due process rights and, thus, failed to fully compensate him for his damages. (R. 12, Pl.'s Resp. at 5.) Review of the state court judgment, however, is outside of this Court's jurisdiction because, under the *Rooker-Feldman* doctrine, we cannot review a state court judgment "no matter how erroneous or unconstitutional [it] may be." *Taylor*,

---

[5] We must apply Illinois claim preclusion because an Illinois court entered the first judgment. *Hagee v. City of Evanston*, 729 F.2d 510, 512 (7th Cir. 1984).

[6] Bhagwati analogizes his case to *Health v. City of Harvey*, No. 03 C 1097, 2004 WL 2005822, at *3 (N.D. Ill. Aug 27, 2004), but the earlier lawsuit in that case was dismissed without prejudice because the court was unable to assess the merits of the plaintiff's claim. Bhagwati's case was not dismissed without prejudice, rather the court entered a judgment in his favor.

374 F.3d at 532 (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). Furthermore, a judgment is a final judgment on the merits even if a later suit requests a different type of relief. *Hagee*, 729 F.2d at 514. Thus, the Illinois Circuit Court's judgment was a final judgment on the merits.

Finally, Bhagwati implies that it could not have brought these claims in the Illinois Circuit Court because it discovered that the City had proceeded under a repealed ordinance after it filed its complaint. (R. 12, Pl.'s Resp. at 5-6.) Bhagwati, however, could have amended his complaint to include a § 1983 claim. Illinois law permits a party to amend its pleadings by adding an additional cause of action at any time prior to a final judgment "on just and reasonable terms."[7] 735 Ill. Comp. Stat. 5/2-616(a). Bhagwati could have brought his § 1983 claims in the earlier litigation, so they are barred by the doctrine of *res judicata*.[8] Accordingly, we grant the City's motion to dismiss for lack of subject-matter jurisdiction.[9]

---

[7] Furthermore, the circuit court has broad discretion to allow amendment of pleadings. In making its determination, it considers whether: (1) the proposed amendment would cure a defective pleading, (2) previous opportunities to amend the pleading could be identified, (3) other parties would sustain prejudice or surprise by virtue of the amendment, and (4) the proposed amendment is timely. *Paschen Contractors, Inc. v. City of Kankakee*, 819 N.E.2d 353, 362 (Ill. App. Ct. 2004).

[8] *See Durgins v. City of E. St. Louis, Ill.*, 272 F.3d 841, 843 (7th Cir. 2001) (stating that res judicata precludes "sequential pursuit not only of legal theories actually litigated but also those that could have been litigated in the first action"); *Davis v. City of Chi.*, 53 F.3d 801, 803-04 (7th Cir. 1995) (holding that, because § 1983 claim could have been joined with request for administrative review, subsequent § 1983 claim was precluded); *Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 913-14 (7th Cir. 1991) (holding that plaintiff police officer had full and fair opportunity to litigate his discriminatory discharge claim in state court administrative review). While Bhagwati tries to distinguish these cases on their merits, (*see* R. 12-1, Pl.'s Resp. at 6), the merits are irrelevant until a court has subject-matter jurisdiction. *See Durgins*, 272 F.3d at 844.

[9] We do not have subject-matter jurisdiction, so we need not and cannot address the merits of Bhagwati's claims. As such, we have not addressed the City's motion to dismiss for

## CONCLUSION

For the reasons set forth above, this Court grants the City of Waukegan's motion to dismiss Bhagwati's complaint for lack of subject-matter jurisdiction. (R. 8-1, Def.'s Mot. to Dismiss.) Additionally, Bhagwati has produced the transcript of the November 26, 2002 state-court proceeding, so the motion to compel its production is denied as moot. (R. 20-1, Def.'s Mot. to Compel.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Bhagwati Corporation.

ENTERED: /s/ 
Judge Ruben Castillo
United States District Court

**Dated: March 1, 2005**

---

failure to state a claim.